Case number 19-5406, James A. Bunn v. Navistar Inc. Morning. Morning, Your Honor. If I could please request two minutes for rebuttal. All right. Thank you. My name is Chase Fann. I'm honored to be before this court this morning with my father and co-counsel, Terry Fann, representing the appellant, Mr. James Bunn. There are five main issues underlying this appeal, but I'd like to begin my time this morning by addressing the one that really goes to the heart and the core of this matter, and that is the appropriate standard for a district court to apply when reviewing a complaint that's been faced with a motion to dismiss. This court and the Supreme Court's precedent mandate that the district court must take all well-pledged factual allegations as true and then draw reasonable inferences therefrom in favor of the plaintiff to determine if the plaintiff has stated a plausible claim for relief against the defendant. Here, the district court erred by only looking at three factual allegations and finding that there were not reasonable inferences to be drawn in favor of the plaintiff to state a claim for relief, when in fact there were eight clearly pled factual allegations. First, the complaint stated that two international brand trucks were purchased from the defendant on April 19, 2017. Second, the complaint stated that the defendant's agents expressly warranted that the trucks would be free from defects and suitable for the purposes for which they were manufactured and sold. Third, at the time of the sale, the complaint states that the trucks were warranted for an additional 24 months or 200,000 additional miles. Fourth, the complaint states that shortly after, the trucks experienced breakdowns and mechanical defects with everything ranging from gasket failures to problems with the air conditioning. Fifth, the complaint states that engine breakdowns occurred in both trucks between three and four months after the date of purchase. Sixth, the complaint states that the trucks required downtime from eight and nine months of the 14 months that the plaintiff possessed the trucks. The complaint also states that the plaintiff lost contracts within three days after the purchase by April 22, 2017 due to the inoperability of the trucks. And eighth, the complaint sufficiently and well pleads the allegation that the plaintiffs incurred damages including lost profits, downtime expenses, and other incidental and consequential damages. Now, it's admitted that plaintiff's trial counsel did not draft a perfect complaint. But this court's precedent does not require a perfectly pled complaint, but it allows for well pled complaints. And then there's inferences that can be drawn to fill in the gaps that are left from a complaint that's not perfectly pled. And when there's inferences and holes in a complaint, the district court is faced with a choice. Does it choose to fill in these gaps and these missing pieces with inferences in favor of the plaintiff? Or does it choose in favor of the defendant? Counsel, let me just ask you, what was left out of the complaint appears to be pretty specific instead of just a general omission here. You apparently failed to plead that the defects were apparent at the time of delivery, and you're now claiming that the defects were present three days after delivery. But it would seem that that argument was forfeited. Now, why would that argument not be forfeited at this point? Your Honor, the argument before the district court by the trial counsel at the motion to dismiss stage was always that the complaint was sufficiently pled, and it was always that there were inferences that could be drawn from the allegations. And the court was charged with looking at the complaint when faced with the motion to dismiss. And this is not a case where there's been voluminous discovery and depositions that the court would have to pour through to find the dates of three days later due to inoperability, the plaintiff lost contracts. Though the specific allegation that the trucks were unfit at the time or the express representations made were false at the time of the sale was not specifically made, it can be inferred by the fact that there were operability problems just merely three days later. And that argument should not be forfeited because the forfeiture doctrine is a discretionary doctrine that this court can choose to apply or not apply. And the reasoning for the forfeiture doctrine is to prevent unfair review of a district court ruling and to prevent unfair surprise to a defendant. But the district court, in its opinion, stated that there were simply not enough specific facts in this case. And on appeal, the appellate counsel has pointed out where those specific facts can be found. Can I ask a question about the notice requirement under the UCC? So opposing counsel cites the Second Circuit case from Judge Hand saying that you need not only notice of a defect but notice of a breach. I wonder, it seems the law is a little unclear in Tennessee whether that applies. I wonder what you think the law in Tennessee should be and whether you think notice of a breach was adequately alleged if that is in fact the law. The law is unclear. There's never been a direct, in a commercial setting, finding about pre-suit notice versus regular notice in a case involving a commercial issue. But in cases that are dealing with commercial issues, the reasoning for pre-suit notice is to allow a time for cure. And in this case, there was a time for cure. The complaint states that the defendant's agents had the trucks for 8 and 9 out of 14 months, that they were continuously brought in for repairs, and that the ability and the opportunity to cure was present in this case. And so while it's not completely clear under Tennessee warranty law as to whether pre-suit notice is mandatory or notice via suit is enough, in this case it would be enough to just have an opportunity for cure. And I think looking at the reasoning. You think that there has to be, so you clearly allege notice of defects and this kind of back and forth. But the way I read that case was to suggest that, because that case also involved notice of problems. But you have to say that not only are there problems, but that these problems rise to the level of a breach. And do you think that just alleging the defects should be enough under Tennessee law? Not necessarily in a case that's taken all the way to a conclusion. But at this early juncture in the stage, with inferences being drawn in favor of the plaintiff, I would say that it is enough, especially given the UCC provision and the corresponding Tennessee provision. They both contain a comment that states that it must not be the content of the notification need merely be sufficient to let the seller know the transaction is troublesome. And so I think it's a low standard. It's a liberal standard in these both consumer-friendly provisions, both the UCC and the Tennessee TCA provision that looks at that. That as long as there is enough time to cure and as long as the seller is on sufficient notice that the transaction could be troublesome, then that could be enough to satisfy the pre-notice requirement under Tennessee warranty law. I'm struggling a little bit with there was a recognition that the complaint needed to be amended and a statement that the complaint would be amended, but then it wasn't. How does that play into your argument that there is sufficient information in the complaint to go forward? Yes, Your Honor. The dispute over whether there was a proper motion to amend filed with an amended complaint is cabined specifically to the Tennessee Consumer Protection Act claim. And it's admitted that there is a high pleading standard in the Tennessee Consumer Protection Act claim and that the complaint as written is not sufficient. The trial counsel had a misunderstanding of the interplay of the local rules and the federal rules and never filed an adequate motion to amend. But that failure is only for the Tennessee Consumer Protection Act claim and it doesn't impact the express warranty and implied warranty of merchantability claims that are advanced on appeal. With those, looking at the eight factual allegations that I discussed with the court, the inferences stemming therefrom, the question is whether there's enough allegations that can create a retroactive inference to the date of sale. So looking at the express warranty and implied warranty of merchantability claims, the express warranty question is whether the statements that the trucks were free of defects and suitable for the purposes for which they were manufactured and sold was false at the time of sale. And similarly, the implied warranty of merchantability question is whether they were unfit at the time they went from the seller to the buyer. And with the allegations, looking at them as a whole, the district court said that the conclusory allegation of claiming that defects arose shortly after without more is insufficient. However, looking at the seven-page complaint and those eight factual allegations that I pointed out to the court, the inferences stemming from those show where the more that the district court was searching for can be found. Similarly, the statements about whether the inoperability occurred within three days after the truck, though it was not raised directly below, it can be found in the complaint and it's even admitted in the defendant's brief when the defendant's brief on page ID number 21 states that the trucks experienced inoperability intermittently from April of 2017, the month of purchase, through June of 2018. And the trucks were purchased on April 19, and so an admission that there were defects in April shows that this court can draw a retroactive inference from the first defect back to the time of sale. And there's case law in this circuit and in Tennessee that allows such a retroactive inference. And though this law is not directly binding on this court, it shows that later arising defects in functionality of mechanical vehicles can be referred retroactively, especially early in a case as this procedural posture is. Later on, discovery may show that the defects arose later, or depositions may show that the express warranties were not stated as the complaint says. But at this early juncture, there's enough pleadings in the complaint, though it's not perfectly drawn, to draw reasonable inferences to create a retroactive inference and state that these problems occurred at the time of sale. And this complaint's a good example. The district court seemed to feel that that argument needed to be raised to it, as opposed to requiring the court to search through the complaint to draw those conclusions. How do you respond to that? That's understandable, but looking at the facts of this case, the pleadings in the record is only a seven-page complaint. And while the plaintiff never wants to pass the burden to the court, this is not the situation where they're having to address hundreds of pages and statements of additional facts and looking at things like that. There's admittedly only three dates in the entire complaint, and two of those dates are April 19th and April 22nd, and they're only seven paragraphs apart. The trial counsel's argument was general in stating that the complaint is sufficient to draw reasonable inferences. An appellate counsel came in and said, the inferences that the district court is looking for on specificity are right here in these two paragraphs. And the forfeiture doctrine that Judge Clay addressed, even if this court does decide to exercise its discretion and invoke that doctrine, there's an exception to the doctrine when there would be manifest injustice. And in this case, the district court reasoned exclusively on paragraphs 12, 13, and 14 of the case, stating that a claim of shortly after without more is insufficient to even do the base level drawing of inferences. Before you end, can I ask a quick clarifying question? Are you raising both implied warranty of merchantability under 314 and implied warranty for a particular purpose under 315? The district court analyzed them both. I thought your brief essentially was arguing 314, implied warranty of merchantability. Is that true? Just implied warranty of merchantability, yes, Judge Murphy. The implied warranty of fitness for a particular purpose was not sufficiently pled, and that's why this case is a good example of what is and what is not sufficiently pled. And the lack of specificity that the district court discussed is a good example of why it would be an injustice to affirm an opinion grounded in a lack of specificity when it ignored the most specific points. Thank you. Thank you. Please, the Court. My name is Paul Krogh. I'm from Nashville. I'm joined here this morning by Mr. Jeffrey Patterson, my co-counsel from Dallas. We represent together the Defendant and Appellee Navistar, Inc. I'd like to start, I think, by talking about picking up the case that we're going to be discussing today. The notice issue raised by Judge Murphy and you, Judge Clay, touched briefly on this amendment, Rule 59 question, about which there were some questions, and then talk about this issue about the standard and the timing and the propriety of the allegations in the complaint. The plaintiff alleges that he only had to provide pre-suit notice under TCA Section 47-2-607, Article 2 of the UCC Section 607, of the defects with trucks. This Court has a line of cases going back to 1978 that say that the plain text of Section 607 requires otherwise. That line of cases starts with Standard Alliance Industries v. Black-Clawson, 1978. It goes to K&M Joint Venture v. Smith International, 1982. Running Springs, a case quoted in our brief that also quotes the Judge Hand, the Judge Hand opinion, and essentially beyond that, simply block quotes from Standard Alliance and K&M. Roth Steel Products v. Sharon Steel Corp., 1983, and Johnson Controls v. J Industries in 2006. Are any of those Tennessee law cases? Those were not Tennessee law cases, Your Honor, but in those cases the Court said, I think they're out of Ohio and Michigan mostly, and the Court said all these states have adopted 2607 without alteration, as has Tennessee, and we presume that the states will follow the plain text. And this is what the plain text requires, is notice not just of the fact of the defect, but of the claim of breach. And so in these cases, we had the exact same thing we have here. We had somebody purchase goods. The goods didn't work very well, allegedly, and the purchaser called the seller and said, these things need to be fixed. They don't work. Let's get these things fixed. And there were repair efforts, and there were parts purchased, and there was this ongoing problem with performance, and then the purchaser just up and sued without ever saying, we think that not only are these things nonconforming, we think that the nonconformity amounts to a breach. Are you sure? The way I read the law, it seemed like it was all over the map. There are some cases that suggest the suit itself could provide sufficient notice? It's the Smith case, Your Honor, and Smith, that's a Judge Trauger opinion, a very good district judge we have in Nashville, and she said you don't have to give pre-suit notice in a personal injury case because there's nothing you can fix. There's no opportunity for cure, and there's no reason for the pre-suit notice. The suit itself in a personal injury case provides sufficient notice. There are Tennessee cases that suggest that pre-suit notice, though, is required. We cite both the Carmichael case and the White Company case in our brief, and I think the White Company case, at least, is an older case. But these do refer to pre-suit notice, and the Carmichael case says that your time, your reasonable time for doing that, you have to give notice within a reasonable time, that that time period is shorter than the time for revoking acceptance. So I think it only stands to reason that if you have to revoke in connection with a UCC suit, the notice of the breach has to come before that. It has to be a pre-suit notice. And here you'll notice that in Mr. Phan's list of eight properly pleaded facts in the complaint, there is no item for notice of breach because it's not there. And the statute says that the purchaser must notify the seller of breach or be barred from any remedy. So that's what the court has said, and that's what the plaintiff requires, not just notice of nonconformities, not notice of defects, notice of breach. And if we look at the Roth Steel products case, Roth Steel actually had an example of good notice and bad notice. In that case, the purchaser, there were multiple defects and multiple batches of product. And with respect to one of them, the purchaser threatened to sue the seller. And that was good notice because you're basically alleging a breach. And the reason that that is – and that's enough. The plaintiff in his brief says you don't have to go into the dealership and quote legal theories. And that's true. And Roth Steel says there's this threat to sue, this allegation that there's actually a breach, not just a nonconformity, that that's enough. And if you look at the Eastern Airlines versus McDonnell Douglas case, which is a Fifth Circuit case out of 1976 that was relied upon throughout this line of cases that the court has decided, Eastern Airlines does a detailed discussion of this comment four to section 607, which the plaintiff sort of relies on the first sentence. He says, well, it just has to be troublesome. And if you read the comment in its entirety, the comment as a whole doesn't bear the characterization the plaintiff is putting on it, that really, no, you do have to give notice of breach. But your notice doesn't have to be full of technicalities. And Eastern Airlines says the pre-UCC cases, this rule is from the Uniform Sales Act. Under the Uniform Sales Act, some of the cases were requiring highly technical pre-suit notices. Not just allegation of breach, but you have to put a lot of, use the right form of words, and if you don't put one theory of why it's a breach in there, then you're barred. All these technicalities. And what comment four is trying to get away from, is comment four is trying to get away from those really technical forms of notice. See, if you threaten to sue the guy, that's enough. But here there's no allegation of that. There's just allegation of notice of the defects. And the reason that it's especially not adequate. Do you think notice is an element of the claim that needs to be pleaded, or is it an affirmative defense? Notice, Your Honor, would be a condition precedent that you'd have to plead. I mean, that's part of the prima facie case. And I think that does come out. Is there any case that suggests it has to be in the complaint that you can cite me? Cite two? Your Honor, I believe several of these cases in the court's line are motions to dismiss. I believe Smith might have been a motion to dismiss. Certainly there hasn't been any suggestion in this case that that's an affirmative defense and not something that has to be in the complaint. The plaintiff simply says he either didn't have to do it or that what he alleged was adequate. Then another reason why in this case the notice of the defects really can't be sufficient is because of the service contract. The complaint says that the plaintiff purchased this 24-month service contract. And then there's not really a lot else said about it, but he was bringing the truck in for these repairs pursuant to the service contract. And so if I can buy a used truck and then bring it in and take advantage of the service contract I buy, which is something that's good for sellers to offer, it's a customer service, if I can bring it in and take advantage of the service contract and then have invoking and having the seller perform under the service contract, if that's notice of the breach under 607, then you're turning any service contract into effectively a Trojan horse that deprives a seller of the protections of that pre-suit notice required by Section 607. So that's, we think, an additional reason why the notice that's alleged in this complaint isn't adequate. Judge Stranch, you touched briefly on this issue about the amendment to the complaint and why there wasn't one. And I won't belabor this point, but the court has held repeatedly that the district court does not abuse its discretion when it does exactly what the district court did in this case, announcing that if a party does not file a motion to amend or an admitted complaint, it is not an abuse of discretion to dismiss with prejudice. And that's what we had here. Well, that's not responsive to the 314 claim, is it? Because he says that this was about a different claim that they have abandoned. Am I stating that incorrectly? Maybe in part, Your Honor. The plaintiff originally mentioned two TCPA claims in the complaint, one about defective goods and one about defective services. And he admitted that the defective goods claim was bad. And in his response to the motion to dismiss, said, but we'd like to amend the defective services claim. And so that's the one claim to which this motion to amend, in Rule 59 motion issue, still relates. But if we find that the complaint adequately states a claim, then the failure of the motion to amend or failure to file it becomes moot in some respects, doesn't it? In some respects, yes, Your Honor. So I thought when we think about the implied warranty of merchantability, you implied the warrant that the good is used for the ordinary course. It strikes me it's a plausible inference from the complaint that if you need a complete engine overhaul within three months of purchasing a truck, since a truck is designed to drive, that the complete engine overhaul is an adequate allegation that the truck was defective even at the time of purchase. I mean, you could say there's other plausible theories, such as you just had a really bad truck driver who didn't know how to drive a truck. But we're at the 1286 stage. If we conclude that one plausible inference from these repetitive defective allegations is that it was defective at the time of purchase, isn't that enough to state a claim? If it were plausible, it would be, Your Honor. And I think if this were a new truck, it likely would be a plausible inference. But the plaintiff hasn't pointed to any case where involving a used motor vehicle in which merely allegations of defects or even serious defects arising subsequent to the purchase were that that was a sufficient basis for inferring the existence of the defect at the time of the sale. There's the Patton v. McHone case, which says, it's a Tennessee Court of Appeals case, it says that these warranties work differently in the case of used cars than in the case of new vehicles, which makes sense. I agree. It's contextual. So how do you assess that? So I guess I just don't know how many miles these trucks usually get. I could see that if it was a truck with a million miles or something, you should think that it would have the ordinary truck of that capabilities might be thinking of breaking down. But trucks of this sort, I assume they're on the road quite a bit, and it was only 141,000 miles. I would think that an ordinary truck with that amount of miles would not immediately break down upon purchase. Well, it was three months, Your Honor, for the engine replacement. Sure. And the engine replacement is really the serious one that's alleged with particularity. Not with particularity. It's the one that's well pleaded. The engine broke down within three months, and that's a serious repair. But there's nothing in the complaint that tells us what to expect from these kinds of trucks. So if the complaint had said, I bought the truck, it needed an engine repair in three months, and that's not normal, that's not usual, then I think you'd have a complaint maybe that's stated to claim. But here we just have... Is that the rules requirement, that kind of specificity? I don't think you'd have to plead it with 9B specificity, certainly, Your Honor. But without context that allows you to say whether the condition of the truck was a true defect or that it was simply wear and tear, then all the court can do is speculate on whether or not what happened was... Would it be wear and tear if the first day that it began to have problems and caused the loss of contractual relation with another party was three days after the purchase?  That might not be, Your Honor, but it depends... I guess it would depend upon what exactly it was that put the truck out of service, and that's not alleged. And we think that argument, that interpretation has been waived because there's no mention of that that's what that paragraph in the complaint meant in the district court. And you would think that the gentleman who drafted the complaint would be maybe the best interpreters because of what they had intended by it. And that argument about how to read that paragraph in the complaint comes up for the first time on appeal. So we think that is properly forfeited under this court's cases, including American Bank v. Cornerstone Community Bank, 2013. I seem to be out of time, Your Honors. Are there any other questions? Apparently not. Thank you for your argument, and we'll take rebuttal. If I can start with the issue of notice, Your Honors. There is one Tennessee case that addresses notice, and that's the Audiovisual Artistry v. Tanzer case that's cited, I believe, in both parties' briefs. And that case quotes that the purpose of the section regarding notice is, quote, to defeat bad faith claims on the buyer's part and to protect sellers against non-curable, dubious, stale, and stale claims as to accepted goods. But that's not the case that happened here. The defendant in the allegations had a chance to cure these defects that were alleged. And if the plaintiff had put in his complaint that the defendant had a chance to cure or that the defendant received adequate notice, the defense would have stated that that was merely conclusory. And that would have been the argument in response to that if it had done that. So it's a catch-22. Do you agree with opposing counsel that notice is a condition preceding an affirmative defense? Or just bottom line, do you agree with counsel that notice needed to be pleaded in the complaint? Not pleaded because of the standard that is faced with the court at this procedural posture. It can be drawn as an inference. I do not agree. Do you think that we have to make the inference? Or do you think that it should be an affirmative defense? Do you have any cases on that point? Not directly in Tennessee cases, Judge Murphy. But I would say that the inference must be made because it is in the statute. There is the TCA provision that says that notice must be brought. But it's very broad. And I believe that the liberal and broad standard with notice combined with the procedural posture of this case, saying that it must merely notify the seller combined with the comment it states and the Tanzer case, all of those things together show at this stage that an inference can be drawn if an inference is found to be necessary. Thank you. What you're opposing counsel's arguing is that the inference could be drawn, but counsel failed to argue it below. Does that make a difference in drawing an inference from the complaint? Not necessarily. Again, based on the facts of this case. This case, it's a seven-page complaint. And the inference at issue, I believe, Judge Strantz, you're talking about, is the three-day difference in the dates. And because this is such a small record and because this court is reviewing it de novo, that even if the forfeiture doctrine did apply, that exception about a miscarriage of justice on an opinion that's grounded in a lack of specificity by only citing to three paragraphs, that exception would apply even if the forfeiture doctrine, because the exception would show that the specific points are in the complaint to draw that inference. Thank you. Thank you very much. And the case is submitted. There being no further cases of argument, the court may close.